IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA

CHARLES ALBERT DOUGLAS

      Plaintiff,

      CASE NO.: 16-CA-3663

v

HSBC BANK USA, NATIONAL ASSOCIATION,
AS TRUSTEE FOR DEUTSCHE ALT-B
SECURITIES MORTGAGE LOAN TRUST,
SERIES 2006-AB4 MORTGAGE PASS-
THROUGH CERTIFICATES and OCWEN
LOAN SERVICING, LLC

      Defendants.

_____/

## COMPLAINT

Plaintiff, CHARLES ALBERT DOUGLAS ("DOUGLAS"), by and through undersigned counsel sues Defendants, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR DEUTSCHE ALT-B SECURITIES MORTGAGE LOAN TRUST, SERIES 2006-AB4 MORTGAGE PASS-THROUGH CERTIFICATES ("DEUTSCHE") and OCWEN LOAN SERVICING, LLC ("OCWEN") and alleges:

### Jurisdiction

1.      This is an action seeking (i) actual damages that exceed $15,000.00, exclusive of interest, costs, and attorney's fees, (ii) statutory damages of $4,000.00, and (iii) costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3). Accordingly, the Circuit Court has exclusive original jurisdiction over this matter pursuant to § 26.012, Fla. Stat. (2015).

<u>Venue</u>

2.      All actions forming the basis of the cause of action asserted in this matter took place in Hillsborough County, Florida. Therefore, venue is vested in Hillsborough County, Florida.

<u>Parties</u>

3.      DOUGLAS is an individual who resides in Hillsborough County, Florida.

4.      DEUTSCHE is purportedly a trust engaged in the business of real estate mortgage lending and does business in Hillsborough County, Florida.

5.      OCWEN is a foreign limited liability company doing business in Hillsborough County, Florida.

<u>General Allegations</u>

6.      On or about June 28, 2006, DOUGLAS executed and delivered a Promissory Note and Mortgage to Mortgage Electronic Registration Systems, Inc. as nominee for American Brokers Conduit. The Mortgage was recorded in Book 16694 at Pages 398 to 417 in the Official Records of Hillsborough County, Florida.

7.      DEUTSCHE purportedly owns and holds the Promissory Note and Mortgage by virtue of an Assignment of Mortgage executed on March 23, 2011 recorded in Book 20483 at Page 641 in the Official Records of Hillsborough County, Florida. A true and correct copy of the Assignment of Mortgage is attached as Exhibit "A".

8.      OCWEN is the mortgage servicer retained by DEUTSCHE and DEUTSCHE delegated all duties related to the Promissory Note and Mortgage to OCWEN as its authorized agent on its behalf.

9.    **DEUTSCHE** is a debt collector as defined in 15 U.S.C. § 1692a(6) because **DEUTSCHE** is a business whose principal purpose is the collection of debts.

10.    **OCWEN** is a debt collector as defined in 15 U.S.C. § 1692a(6) because **OCWEN** regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

11.    On May 9, 2011 **DEUTSCHE** filed a Complaint for Mortgage Foreclosure and Other Relief against **DOUGLAS** seeking to foreclose the Mortgage (the "Foreclosure").

12.    The Foreclosure is active and remains ongoing.

13.    On March 30, 2016 a third party, an individual not named in this complaint, received a communication from **OCWEN** via U.S. mail ("**Communication 1**"). A true and correct copy of Communication 1 is attached as Exhibit "B".

14.    Communication 1 contained the following information and documents:

a) The property address, **DOUGLAS'** full name, due date, amount due, account number, explanation of amount due, past payments breakdown.

b) A message stating, "Our records indicate that your loan is in foreclosure."

c) A message stating, "You can still reinstate your loan (bring your account to a current status) and avoid foreclosure."

d) A message stating, "The amount required to reinstate your loan as of the date of this statement is listed above."

e) A message stating, "This communication is from a debt collector attempting to collect a debt . . ."

f) A Request for Mortgage Assistance (RMA)/ Hardship Affidavit Application containing pre-filled information with **DOUGLAS'** full name and the property address.

*See* Exhibit "B".

15.    On April 1, 2016 a third party, an individual not named in this complaint, received a communication from OCWEN via U.S. mail ("Communication 2"). A true and correct copy of Communication 2 is attached as Exhibit "C".

16.    Communication 2 contained the following information:

a) The property address, DOUGLAS' full name, an amount due, the account number.

b) A message stating, "We are providing the information in this notice because . . . the above account is delinquent."

c) A message stating, "You are late on your mortgage payments . . . you are 2032 days delinquent . . . your account first became delinquent on 09/02/10. Failure to bring your loan current may result in fees and foreclosure — the loss of your home."

d) A list alleging 6 different instances of an unpaid payment.

e) A message stating, "Your account has been referred to an attorney to foreclose. The first step in this process, the first filing, was completed.

f) A message stating, "This communication is from a debt collector attempting to collect a debt . . ."

*See* Exhibit "C".

17.    On April 12, 2016 a third party, an individual not named in this complaint, received a communication from OCWEN via U.S. mail ("Communication 3"). A true and correct copy of Communication 3 is attached as Exhibit "D".

18.    Communication 3 contained the following information:

a)    The property address, **DOUGLAS'** full name, an amount due, the loan number.

b)    A schedule of payments for the escrow account evidencing failure to make payments.

c)    A message stating, "This communication is from a debt collector attempting to collect a debt . . ."

*See* Exhibit "D".

19.    On April 18, 2016 a third party, an individual not named in this complaint, received a communication from **OCWEN** via U.S. mail ("**Communication 4**"). A true and correct copy of **Communication 4** is attached as Exhibit "E".

20.    **Communication 4** contained the following information:

a)    The property address, **DOUGLAS'** full name, and the loan number.

b)    A Request for Mortgage Assistance (RMA)/ Hardship Affidavit Application containing pre-filled information with **DOUGLAS'** full name and the property address.

c)    A message stating, "This communication is from a debt collector attempting to collect a debt . . ."

*See* Exhibit "E".

21.    The third party is not and has never been obligated or allegedly obligated to pay the debt evidenced by the Promissory Note and Mortgage. The third party does not and has never represented **DOUGLAS** as his attorney. The third party does not and has never represented

DEUTSCHE or OCWEN as their attorney in connection with the collection of the debt DOUGLAS allegedly owes.

22. DOUGLAS has never given OCWEN or DEUTSCHE his consent to communicate with the third party in connection with the collection of any debt.

23. Despite the foregoing, Communication 1, Communication 2, Communication 3, and Communication 4 were sent to the third party and contained detailed account information regarding the Mortgage executed by DOUGLAS.

24. DOUGLAS has engaged the undersigned attorney to represent it in this action and is obligated to pay a reasonable fee for services rendered. DOUGLAS is entitled to recover its costs and reasonable attorney's fees from DEUTSCHE and OCWEN pursuant to 15 U.S.C. § 1692k(a)(3).

25. All conditions precedent to the initiation and maintenance of this action have been performed, have been waived, or have occurred.

### COUNT I
### Violation of Fair Debt Collection Practices Act
### 15 U.S.C. § 1692, *et seq.*
### Communication 1

26. DOUGLAS realleges and reincorporates paragraphs 1 through 25 as if fully stated herein.

27. 15 U.S.C. § 1692b(2) provides:

"Any debt collector communicating with any person other than the

consumer . . . shall-

(2) not state that such consumer owes any debt . . ."

28. OCWEN, acting on behalf of DEUTSCHE, stated to the third party that DOUGLAS owes a debt.

29.    15 U.S.C. § 1692b(5) provides:

"Any debt collector communicating with any person other than the

consumer . . . shall

(5) not use any language . . . in the contents of any communication

effected by the mails . . . that indicates that the debt collector is in the debt

collection business or that the communication relates to the collection of a

debt . . ."

30.    The contents of **Communication 1** sent by **OCWEN** through U.S. mail, on

behalf of **DEUTSCHE**, contained clear language in it that indicated **OCWEN** was a debt

collector and clear language that indicated it related to the collection of a debt.

31.    15 U.S.C. § 1692c(b) provides:

". . . without the prior consent of the consumer given directly to the debt

collector . . . a debt collector may not communicate, in connection with the

collection of any debt, with any person other than the consumer, his

attorney, a consumer reporting agency . . ., the creditor, the attorney of the

creditor, or the attorney of the debt collector."

32.    **DOUGLAS** has never given **OCWEN** or **DEUTSCHE** his consent to

communicate with any other person in connection with the collection of any debt.

33.    Despite **OCWEN** and **DEUTSCHE** not having **DOUGLAS'** consent, **OCWEN**

and **DEUTSCHE** communicated with the third party, who is not **DOUGLAS'** attorney, in

connection with the collection of the debt **DOUGLAS** allegedly owes.

34.    **OCWEN** and **DEUTSCHE** have violated all of the aforementioned provisions of

15 U.S.C. § 1692, *et seq.*

35. As a result of OCWEN's and DEUTSCHE's violations DOUGLAS has sustained actual damages.

36. DOUGLAS' damages include economic damages in the form of legal fees and expenses in attempting to resolve this improper situation caused by OCWEN and DEUTSCHE and non-economic damages related to the anxiety, anger, embarrassment, stress, and fear sustained by DOUGLAS as a result of OCWEN's and DEUTSCHE's botched servicing of his Mortgage.

WHEREFORE, Plaintiff, DOUGLAS, respectfully requests that this Court to:

a) Take jurisdiction of the parties and subject matter thereof;

b) enter judgment for actual damages against OCWEN and DEUTSCHE;

c) award statutory damages in the amount allowed by 15 U.S.C. § 1692k(a)(2)(A) equal to $1,000.00 to DOUGLAS;

d) award DOUGLAS the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

e) any other relief this Court deems just and proper.

## COUNT II
### Violation of Fair Debt Collection Practices Act
### 15 U.S.C. § 1692, *et seq.*
### Communication 2

37. DOUGLAS realleges and reincorporates paragraphs 1 through 25 as if fully stated herein.

38. 15 U.S.C. § 1692b(2) provides:

"Any debt collector communicating with any person other than the consumer . . . shall-

(2) not state that such consumer owes any debt . . ."

39.    OCWEN, acting on behalf of DEUTSCHE, stated to the third party that DOUGLAS owes a debt.

40.    15 U.S.C. § 1692b(5) provides:

"Any debt collector communicating with any person other than the consumer . . . shall-

(5) not use any language . . . in the contents of any communication effected by the mails . . . that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt . . .".

41.    The contents of Communication 2 sent by OCWEN through U.S. mail, on behalf of DEUTSCHE, contained clear language in it that indicated OCWEN was a debt collector and clear language that indicated it related to the collection of a debt.

42.    15 U.S.C. § 1692c(b) provides:

". . . without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency . . ., the creditor, the attorney of the creditor, or the attorney of the debt collector."

43.    DOUGLAS has never given OCWEN or DEUTSCHE his consent to communicate with any other person in connection with the collection of any debt.

44.    Despite OCWEN and DEUTSCHE not having DOUGLAS' consent, OCWEN and DEUTSCHE communicated with the third party, who is not DOUGLAS' attorney, in connection with the collection of the debt DOUGLAS allegedly owes.

45.     OCWEN and DEUTSCHE have violated all of the aforementioned provisions of 15 U.S.C. § 1692, et seq.

46.     As a result of OCWEN's and DEUTSCHE's violations DOUGLAS has sustained actual damages.

47.     DOUGLAS' damages include economic damages in the form of legal fees and expenses in attempting to resolve this improper situation caused by OCWEN and DEUTSCHE and non-economic damages related to the anxiety, anger, embarrassment, stress, and fear sustained by DOUGLAS as a result of OCWEN's and DEUTSCHE's botched servicing of his Mortgage.

WHEREFORE, Plaintiff, DOUGLAS, respectfully requests that this Court to:

a) Take jurisdiction of the parties and subject matter thereof;

b) enter judgment for actual damages against OCWEN and DEUTSCHE;

c) award statutory damages in the amount allowed by 15 U.S.C. § 1692k(a)(2)(A) equal to $1,000.00 to DOUGLAS;

d) award DOUGLAS the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

e) any other relief this Court deems just and proper.

## COUNT III
### Violation of Fair Debt Collection Practices Act
### 15 U.S.C. § 1692, et seq.
### Communication 3

48.     DOUGLAS realleges and reincorporates paragraphs 1 through 25 as if fully stated herein.

49.     15 U.S.C. § 1692b(2) provides:

"Any debt collector communicating with any person other than the

consumer . . . shall-

(2) not state that such consumer owes any debt . . ."

50.     OCWEN, acting on behalf of DEUTSCHE, stated to the third party that

DOUGLAS owes a debt.

51.     15 U.S.C. § 1692b(5) provides:

"Any debt collector communicating with any person other than the

consumer . . . shall-

(5) not use any language . . . in the contents of any communication

effected by the mails . . . that indicates that the debt collector is in the debt

collection business or that the communication relates to the collection of a

debt . . ."

52.     The contents of Communication 3 sent by OCWEN through U.S. mail, on

behalf of DEUTSCHE, contained clear language in it that indicated OCWEN was a debt

collector and clear language that indicated it related to the collection of a debt.

53.     15 U.S.C. § 1692c(b) provides:

". . . without the prior consent of the consumer given directly to the debt

collector . . . a debt collector may not communicate, in connection with the

collection of any debt, with any person other than the consumer, his

attorney, a consumer reporting agency . . ., the creditor, the attorney of the

creditor, or the attorney of the debt collector."

54.     DOUGLAS has never given OCWEN or DEUTSCHE his consent to

communicate with any other person in connection with the collection of any debt.

55.    Despite OCWEN and DEUTSCHE not having DOUGLAS' consent, OCWEN and DEUTSCHE communicated with the third party, who is not DOUGLAS' attorney, in connection with the collection of the debt DOUGLAS allegedly owes.

56.    OCWEN and DEUTSCHE have violated all of the aforementioned provisions of 15 U.S.C. § 1692, *et seq.*

57.    As a result of OCWEN's and DEUTSCHE's violations DOUGLAS has sustained actual damages.

58.    DOUGLAS' damages include economic damages in the form of legal fees and expenses in attempting to resolve this improper situation caused by OCWEN and DEUTSCHE and non-economic damages related to the anxiety, anger, embarrassment, stress, and fear sustained by DOUGLAS as a result of OCWEN's and DEUTSCHE's botched servicing of his Mortgage.

WHEREFORE, Plaintiff, DOUGLAS, respectfully requests that this Court to:

a) Take jurisdiction of the parties and subject matter thereof;

b) enter judgment for actual damages against OCWEN and DEUTSCHE;

c) award statutory damages in the amount allowed by 15 U.S.C. § 1692k(a)(2)(A) equal to $1,000.00 to DOUGLAS;

d) award DOUGLAS the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

e) any other relief this Court deems just and proper.

### COUNT IV
**Violation of Fair Debt Collection Practices Act**
**15 U.S.C. § 1692, *et seq.***
**Communication 4**

59.     DOUGLAS realleges and reincorporates paragraphs 1 through 25 as if fully stated herein.

60.     15 U.S.C. § 1692b(2) provides:

"Any debt collector communicating with any person other than the

consumer . . . shall-

(2) not state that such consumer owes any debt . . ."

61.     OCWEN, acting on behalf of DEUTSCHE, stated to the third party that DOUGLAS owes a debt.

62.     15 U.S.C. § 1692b(5) provides:

"Any debt collector communicating with any person other than the

consumer . . . shall-

(5) not use any language . . . in the contents of any communication

effected by the mails . . . that indicates that the debt collector is in the debt

collection business or that the communication relates to the collection of a

debt . . ."

63.     The contents of Communication 4 sent by OCWEN through U.S. mail, on behalf of DEUTSCHE, contained clear language in it that indicated OCWEN was a debt collector and clear language that indicated it related to the collection of a debt.

64.     15 U.S.C. § 1692c(b) provides:

". . . without the prior consent of the consumer given directly to the debt

collector . . . a debt collector may not communicate, in connection with the

collection of any debt, with any person other than the consumer, his
attorney, a consumer reporting agency . . ., the creditor, the attorney of the
creditor, or the attorney of the debt collector."

65.   DOUGLAS has never given OCWEN or DEUTSCHE his consent to
communicate with any other person in connection with the collection of any debt.

66.   Despite OCWEN and DEUTSCHE not having DOUGLAS' consent, OCWEN
and DEUTSCHE communicated with the third party, who is not DOUGLAS' attorney, in
connection with the collection of the debt DOUGLAS allegedly owes.

67.   OCWEN and DEUTSCHE have violated all of the aforementioned provisions of
15 U.S.C. § 1692, *et seq.*.

68.   As a result of OCWEN's and DEUTSCHE's violations DOUGLAS has
sustained actual damages.

69.   DOUGLAS' damages include economic damages in the form of legal fees and
expenses in attempting to resolve this improper situation caused by OCWEN and DEUTSCHE
and non-economic damages related to the anxiety, anger, embarrassment, stress, and fear
sustained by DOUGLAS as a result of OCWEN's and DEUTSCHE's botched servicing of his
Mortgage.

WHEREFORE, Plaintiff, DOUGLAS, respectfully requests that this Court to:

a) Take jurisdiction of the parties and subject matter thereof;

b) enter judgment for actual damages against OCWEN and DEUTSCHE;

c) award statutory damages in the amount allowed by 15 U.S.C. § 1692k(a)(2)(A)
equal to $1,000.00 to DOUGLAS;

d) award DOUGLAS the costs of this action and reasonable attorney's fees

pursuant to 15 U.S.C. § 1692k(a)(3); and

e) any other relief this Court deems just and proper.

Dated this 19 day of April, 2016.

By: _____
Sergio A. Florez, Esq.
FBN 118666
PO Box 447
Odessa, FL 33656
Sflorez@primeassetfund.com
Attorney for Plaintiff